The plaintiff's informal written complaints about the fee approval were initially put on the § 97-84 hearing docket. The case was continued at plaintiff's request, and then was referred to the full Commission after plaintiff responded to the Commission's request with a Form 33, filed May 6, 1994, clarifying the issue. Plaintiff appeared before the full Commission pro se, and plaintiff's former counsel appeared only by letter. Plaintiff's statement to the Commission raised several matters not fully explained by the record or submissions, and by letter dated March 31, 1995, the undersigned requested benefit payment records from the defendant-carrier and a copy of his fee agreement and responses to three specific allegations from Mr. Walden. After these were received, plaintiff was given time to respond.
In addition to responding to these requests, plaintiff's former counsel sent a couple of hundred pages copied from his file, three motions and arguments. These included a "motion to intervene" and a request for an evidentiary hearing. The former is superfluous since counsel has been a party to the issue since applying to the Commission for approval of his fee per N.C.G.S. § 97-90, although he apparently was not recognized as an adverse party when the matter was docketed and did not get a separate calendar when the issue came to the full Commission by an order rather than a Form 44 appeal. Concerning the hearing request, if pertinent facts concerning an attorney fee controversy are controverted or omitted, the full Commission can request affidavits, or reopen the evidence and remand for testimony. N.C.G.S. § 97-85. However in this case, as in most attorney fee appeals, there is no disagreement about the facts that determine the outcome.
Plaintiff injured his lower back on August 16, 1988. Defendants began paying compensation on September 25, 1988, and entered into a Form 21 Agreement for payment of temporary total disability benefits from the day following the injury continuing for "necessary weeks" (i.e., during the continuance of total disability) on June 20, 1989. In late 1989, plaintiff's physician reported difficulty attributing his symptoms to a specific "organic" cause, and recommended referral to a pain clinic. Compensation had been terminated, without the Commission's leave, by the time plaintiff sought Mr. Walden's help in the Spring of 1990. On April 9, 1990, they entered into a contingency fee agreement for 25% of cash benefits recovered. Subsequently, and apparently due to Mr. Walden's efforts, plaintiff received $10,222.30 and $2,492.00 checks for back benefits, but the plaintiff cashed and kept all of these, without giving counsel his fee, at least once despite counsel's specific request. At counsel's urging, plaintiff reluctantly followed his doctor's advice to attempt to return to work in late June, 1990. Plaintiff ceased the attempt after a few weeks, but he did not receive benefits again until months later, when his physician recommended, and plaintiff underwent surgery. In mid-January, Mr. Walden received plaintiff's check for $9,256.00 for back benefits accrued during roughly the second half of 1990, and held it at his office until plaintiff endorsed it. At the same time, plaintiff signed the affidavit on which the Executive Secretary based approval of counsel's retention from that check of a sum equal to one-fifth of the $22,682.30 in benefits paid since counsel entered appearance in the case the previous spring or $4,536.46, and each fifth subsequent benefit check. The next day (according to its date — February 15, 1991) plaintiff wrote the Commission that Mr. Walden was "no longer representing me" and complaining that defendants had ceased payments after January 26, 1991. However, it did not reach the Executive Secretary's office until February 26, and on the 21st the Order approving the fee of 20% of benefits paid was issued by the Executive Secretary. After an exchange of letters with counsel, the Executive Secretary advised the carrier (who had also received a letter from plaintiff, and had inquired) to disburse in accordance with his February 21, 1991 order. In a letter dated June 18, 1991, the Executive Secretary requested that Mr. Walden provide a motion and order to withdraw, and reaffirmed that the payment of each fifth check to him should "continue, as long as [plaintiff] continue[s] to receive compensation as a result of Attorney Walden's legal counsel."
The record indicates that plaintiff has continued to receive benefits continuously since they were reinstated while he was being represented by Mr. Walden. While Mr. Walden was not responsible for establishing defendants' liability initially, and Mr. Stanley has successfully defended (pro se) a motion by the carrier to terminate benefits once since, the ongoing payments of compensation are traceable to Mr. Walden's efforts. We agree with the Executive Secretary that Mr. Walden should continue to receive his contingency fee while compensation payments are attributable to his effort. Likewise, if compensation is lawfully terminated or plaintiff actually needs and obtains counsel to defend his current right to continued compensation, the Commission forseeably will order that the payments to Mr. Walden from subsequent benefits cease so that new counsel can be paid out of a fair portion of the benefits, and any future benefits not attributable to former counsel's efforts are not encumbered by his fee.
It is noted that during the referenced Form 24 controversy, plaintiff consulted with an attorney, but after receiving a copy of the March 31, 1991 correspondence from the Commission, that attorney has informed the Commission that he is not representing Mr. Stanley. Another Form 24 motion for termination of benefits was received at the Commission on June 13, 1995, but no attorney has appeared on plaintiff's behalf.
The Commission finds that counsel's fee contract was not unreasonable, as applied, in light of the services rendered and the results achieved. N.C.G.S. § 97-90(c). Consequently, it is ORDERED that the defendants continue to pay each fifth check for temporary total compensation due Mr. Stanley to his former counsel, Mr. Walden until further orders of the Commission.
 S/ ________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________________ COY M. VANCE COMMISSIONER
JRW/tmd 7/17/95